# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| AMELIA CARLSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01213-STA-jay |
| | ) | |
| HARDEMAN COUNTY, TENNESSEE, | ) | |
| | ) | |
|     Defendant. | ) | |

---

## ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT
## ORDER DENYING HARDEMAN COUNTY'S MOTION TO DISMISS AS MOOT

---

Before the Court is Plaintiff Amelia Carlson's Motion to Amend Complaint (ECF No. 18) filed on April 22, 2019. Defendant Hardeman County, Tennessee has filed a response in opposition, and Carlson has filed a supplemental brief addressed to the statute of limitations issue.[1] For the reasons set forth below, Plaintiff's Motion is **GRANTED in part, DENIED in part**.

### BACKGROUND

Carlson filed her initial Complaint for the violation of her constitutional rights under 42 U.S.C. § 1983 on October 26, 2018. Carlson is a licensed private investigator who was hired to investigate Jonathan Joy, a member of the Bolivar City Council in Hardeman County, Tennessee. Carlson was hired to investigate Councilman Joy's business dealings with the County and whether Councilman Joy was a legal resident of the City of Bolivar. The Complaint alleges that during the course of Carlson's investigation, Councilman Joy made a stalking complaint against her to the Hardeman County Sheriff's Department and caused a warrant to issue for her arrest. Carlson denies that she was

---

[1] On May 10, 2019, the Court denied Carlson's untimely motion for leave to reply but later directed Carlson to file a supplemental brief addressed only to the statute of limitations issue.

1

stalking Joy. Carlson alleges that Hardeman County arrested her without probable cause based on

Councilman Joy's false report and that her arrest resulted in the violation of her constitutional rights.

The Complaint made a number of allegations about the conduct of Councilman Joy but named only

Hardeman County as a defendant to the action.

Although Plaintiff filed suit in October 2018, Plaintiff did not cause summons to issue until

January 9, 2019. *See* Local R. 4.1(a) ("A party filing a complaint or any other pleading that requires

the issuance of a summons . . . shall prepare and submit the summons to the Clerk."). Plaintiff's

proof of service (ECF No. 8) showed that she had Hardeman County served on January 23, 2019,

just two days before the 90-day period for service had run. *See* Fed. R. Civ. P. 4(m). After counsel

for Hardeman County entered an appearance, and the Court granted the County an extension of

time to file its responsive pleading, Hardeman County filed a Rule 12(b)(6) motion to dismiss

(ECF No. 13) on March 8, 2019. In response to the motion to dismiss, Plaintiff filed the Motion

to Amend now before the Court as well as a separate response in opposition to the County's Rule

12(b)(6) motion. Plaintiff states in her response that the filing of her motion to amend the pleadings

renders the County's motion to dismiss moot.

In the Motion to Amend her Complaint, Plaintiff argues that she has met the liberal

requirements for amending her pleadings under Federal Rule of Civil Procedure 15(a) and that her

proposed amendment will not prejudice the County. Plaintiff has attached a copy of her proposed

amended complaint to the Motion. Plaintiff's amended pleading would add two new Defendants

to the action: Councilman Jonathan Joy and the City of Bolivar. Plaintiff's amended pleading

would allege the same factual background regarding her private investigation of Councilman Joy

and Councilman Joy's false report that Plaintiff had engaged in stalking him. The proposed

amended complaint specifically alleges that Councilman Joy intentionally made the false report to

thwart Plaintiff's investigation and that the affidavit of complaint against Plaintiff contained

material defects.  Plaintiff alleges that Councilman Joy acted under color of law to violate her constitutional rights and that the City of Bolivar ratified Councilman Joy's actions.

From these premises the proposed amended complaint alleges (1) that Hardeman County's failure to train and supervise court employees and officers of the Hardeman County Sheriff's Department resulted in her false arrest in violation of the Fourth Amendment; (2) that Councilman Joy made a false complaint against Plaintiff and that Hardeman County acted on his false complaint for the purpose of interfering with Plaintiff's First Amendment rights; and (3) that Hardeman County, the City of Bolivar, and Councilman Joy conspired to violate Plaintiff's constitutional rights in violation of 42 U.S.C. § 1985(3).

Hardeman County opposes Plaintiff's Motion to Amend and argues that the proposed amendment would be futile for several reasons.  First, the amended pleading makes only conclusory allegations about the existence of a county policy or custom to violate citizens' First Amendment rights or that such a policy or custom was the moving force behind the alleged violation of Plaintiff's First Amendment rights.  Second, the amended pleadings' new claims against Councilman Joy and the City of Bolivar are brought outside of the one-year statute of limitations on Plaintiff's section 1983 claims.  Plaintiff alleges that her false arrest occurred in January 2018.  However, Plaintiff did not file her Motion to Amend until April 2019, outside of the one-year limitations period, and the proposed amendment would not relate back to the date on which Plaintiff originally filed suit.  Finally, the proposed amended complaint fails to state a conspiracy claim under 42 U.S.C. § 1985(3) against Hardeman County.  Plaintiff does not allege that Hardeman County conspired to deprive her of her constitutional rights on the basis of her race or any other protected category or that Hardeman County joined such a conspiracy pursuant to a policy or custom.  For all of these reasons, Hardeman County argues that Plaintiff's proposed amendment would be futile.

At the direction of the Court, Plaintiff has filed a supplemental brief addressed only to the statute of limitations issue. Plaintiff asserts in her brief that her proposed amended complaint should relate back to the date of her original filing, making her newly added claims against Councilman Joy and the City of Bolivar timely. Plaintiff argues that each of Rule 15(c)'s requirements for relation back are satisfied. Both Councilman Joy and Bolivar would have been on notice during the limitations period that Plaintiff had brought claims implicating their conduct and exposing them to civil liability, though Plaintiff does not explain whether this notice was actual or constructive or how either party would have received such notice. While acknowledging Sixth Circuit precedent for the proposition that the relation back doctrine will not apply to newly added parties, Plaintiff maintains that the factual allegations of the initial Complaint largely concerned Councilman Joy's conduct. Plaintiff contends then that the line of Sixth Circuit cases holding that a claim against a new party will not relate back is distinguishable.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading only with the opposing party's consent or by leave of court. Rule 15(a)(2) adds that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. the leave sought should, as the rules require, be "freely given."

*Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Herhold v. Green Tree Servicing, LLC*, 608 F. App'x 328, 330–31 (6th Cir. 2015) (quoting *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986)). The Sixth Circuit has remarked that "the case law in this Circuit manifests

liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (citations omitted).

<strong><u>ANALYSIS</u></strong>

Carlson's initial Complaint alleged a claim for the violation of her constitutional rights under 42 U.S.C. § 1983 for abuse of process and malicious prosecution against Hardeman County, Tennessee. Carlson now seeks leave to amend her pleadings to add Councilman Jonathan Joy and the City of Bolivar, Tennessee as Defendants, to drop her original claim for abuse of process and malicious prosecution, and to allege the following causes of action: unlawful arrest in violation of her constitutional rights under 42 U.S.C. § 1983 against Hardeman County (count 1); the violation of her First Amendment rights under 42 U.S.C. § 1983 against Joy and Hardeman County (count 2); and conspiracy to violate her constitutional rights in violation of 42 U.S.C. § 1985(3) against Joy, Hardeman County, and the City of Bolivar (count 3).

The Court holds that Carlson is entitled to amend her pleadings but only in part. Plaintiff seeks leave to amend at an early phase of the proceedings, before the Court has even entered a scheduling order or set a deadline for amending the pleadings. Carlson filed her Motion to Amend while the case was still at the pleadings stage and in response to a Rule 12(b)(6) motion to dismiss. In fact, Carlson would have had the opportunity to amend her Complaint as a matter of course, that is, without leave of court or the consent of Hardeman County, had she only filed an amended pleading within 21 days after service of the County's motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleadings once as a matter of course . . . within 21 days after service of a motion under 12(b) . . . ."). So the early posture of the case together with Rule 15's generous policy of allowing amendments weigh strongly favor of granting Plaintiff an opportunity to amend.

At the same time, the Court has concerns about the orderly progress of the case to this point. Carlson not only failed to take advantage of her opportunity to amend as a matter of course. She

5

also waited almost six months from the time she initiated her suit to name Councilman Joy as a party, even though Councilman Joy's alleged actions set in motion her unconstitutional arrest. The gravamen of the Complaint is that Councilman Joy made a false allegation against Carlson and caused the Hardeman County Sheriff's Department to arrest her without probable cause in violation of her constitutional rights. These same allegations now form the grounds for the proposed amended complaint's claims against Councilman Joy and the City of Bolivar. Carlson argues that the fact that Councilman Joy's false report was central to her original Complaint somehow eliminates any surprise or prejudice to Joy or any other defendant. However, this begs the question of why Carlson did not simply name Joy as a defendant in the first place, instead of waiting almost six months into the case to do so. And all of this comes after Carlson waited more than two months after filing suit to cause summons to issue and to have Hardeman County served. In sum, it is not clear to the Court that Carlson has acted with diligence.

Even so, Hardeman County has not argued that the delay is in and of itself cause to deny Carlson's request to amend or that the delay is otherwise undue. Hardeman County does argue that the claims set forth in the proposed amended pleadings are futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Parchman v. SLM Corp.*, 896 F.3d 728, 738 (6th Cir. 2018) (citations omitted). While the notice pleading standard of Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations," it does require something more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss where the facts alleged, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court will now consider whether the proposed amended complaint could survive a Rule 12(b)(6) motion to dismiss to determine whether the addition of Carlson's new claims would be futile. The Court will analyze each of the proposed amended pleadings' new claims separately.

## I.      Conspiracy Under 42 U.S.C. § 1985(3)

Section 1985(3) "imposes liability on two or more persons who 'conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1865–66 (2017). A plaintiff alleging such a conspiracy must prove the following elements: "(1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Moniz v. Cox*, 512 F. App'x 495, 499–500 (6th Cir. 2013) (citing *Johnson v. Hills & Dales Gen. Hosp.,* 40 F.3d 837, 839 (6th Cir. 1994)). An essential element of the claim is that "the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Id*. (citing *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267–68 (1993)). The Sixth Circuit has construed section 1985(3) to protect "[a] class . . . possess[ing] the characteristics of a discrete and insular minority, such as race, national origin, or gender." *Vakilian v. Shaw*, 335 F.3d 509, 519 (6th Cir. 2003).

The Court holds that the proposed amended complaint fails to state a plausible conspiracy claim under 42 U.S.C. § 1985(3). Accepting the allegations of the proposed pleadings as true for purposes of the Motion to Amend, the proposed amended complaint contains no allegations to show that the conspiracy between Councilman Joy, the City of Bolivar, and Hardeman County was motivated by Carlson's race or some other class-oriented animus. Without this essential element of

7

the claim, the proposed amended complaint fails to state a plausible conspiracy claim under section 1985(3). Permitting Carlson to amend her pleadings to include such a claim then would be futile because the claim could not withstand a motion to dismiss under Rule 12(b)(6). Therefore, the Motion to Amend is **DENIED** as to the section 1985(3) claim.

Because this is the proposed amended complaint's only claim against the City of Bolivar and the Court is denying Carlson leave to amend her pleadings to include this claim, the Court need not also decide whether the statute of limitations has run on any claim Carlson may have had against the City.

## II.     First Amendment Claim Under Section 1983 Against Hardeman County

Next, Carlson's proposed amended complaint would hold Hardeman County and Councilman Joy liable for the deprivation of her First Amendment rights. Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. "Section 1983 is not the source of any substantive right," *Humes v. Gilless*, 154 F. Supp. 2d 1353, 1357 (W.D. Tenn. 2001), but creates a "species of tort liability" for the violation of rights guaranteed in the Constitution itself. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976)). In order to make out a section 1983 claim, a plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock*, 330 F.3d at 902.

Carlson alleges that Hardeman County interfered with her First Amendment rights or retaliated against her for exercising her First Amendment rights. In order to state such a claim, Carlson must allege that (1) she engaged in protected conduct; (2) an adverse action was taken against her that would deter a person of ordinary firmness from continuing to engage in that

conduct; and (3) the adverse action was motivated at least in part by her protected conduct. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 399 (6th Cir. 2016) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). And to hold the County liable for interference or retaliation, Carlson must additionally prove a direct causal link between the deprivation of her rights and some county policy or custom. *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691–92 (1978) (holding that local government "cannot be held liable solely because it employs a tortfeasor . . . on a *respondeat superior* theory"). This means Carlson "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that her particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

The Court holds that the proposed amended complaint plausibly alleges enough facts to show that Hardeman County's policy or custom was responsible for a purported violation of Carlson's First Amendment rights. Count 2 of the pleading alleges that the violation of Carlson's First Amendment rights "resulted out of the policies and procedures of Defendant Hardeman County, Tennessee" and that Hardeman County "is the entity responsible for the establishment of said policies and procedures." Proposed Am. Compl. ¶¶ 61-62 (ECF No. 18-1). Otherwise, Count 2 does not identify or describe the "policies and procedures" at issue. Standing alone, these conclusory allegations would arguably fail to allege enough facts to show how a Hardeman County policy or custom was the moving force behind a violation of Carlson's First Amendment rights.

But when Count 1 and Count 2 are read together, the proposed pleading states a plausible section 1983 claim. Count 1, Carlson's false arrest claim against Hardeman County, alleges that the County failed to train and supervise the sheriff's officials who took Joy's affidavit of complaint and placed Carlson under arrest as well as the clerk of court who approved the arrest warrant. Proposed Am. Compl. ¶¶ 38-39 (ECF No. 18-1). The proposed amended complaint further alleges

that the county policies or customs at issue include procedures related to "taking of an Affidavit of Complaint, making a 'probable cause' determination, the issuance of an arrest warrant, taking an individual into custody, and making a criminal charge against an individual." *Id*. ¶ 42. It is true that these allegations relate to criminal complaint and arrest procedures, and not, strictly speaking, a custom or practice of interfering with a citizen's First Amendment rights. However, Carlson's case is that Hardeman County's flawed procedures allowed Councilman Joy to make a baseless accusation against her and resulted in interference with her First Amendment rights.

Civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with more particularity than this. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). The proposed amended complaint satisfies Rule 8(a)'s notice pleading requirements and gives Hardeman County adequate notice of the Carlson's theory of liability. *Robertson v. Lucas*, 753 F.3d 606, 623 (6th Cir. 2014); *Balcar v. Jefferson Cnty. Dist. Ct.*, No. 17-5402, 2017 WL 4535934, at *2 (6th Cir. Sept. 8, 2017). The Court does not find then that it would be futile to permit Carlson to amend her pleadings to include these allegations. Therefore, Carlson's Motion to Amend is **GRANTED** as to her First Amendment claim against Hardeman County.

**III.      Statute of Limitations as to Claims Against Councilman Jonathan Joy**

This leaves Carlson's section 1983 claim against Councilman Joy for the violation of her First Amendment rights. Hardeman County argues in opposition to the Motion to Amend that the statute of limitations has run on Carlson's putative claims against Councilman Joy. The proposed amended complaint alleges that Councilman Joy made his false police report on January 25, 2018. The statute of limitations on a claim for the violation of a constitutional right under 42 U.S.C. § 1983 is one year in Tennessee, meaning the limitations period on any claim Carlson had against Councilman Joy ran on January 25, 2019. *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code

Ann. § 28-3-104(a), and *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005)).  Carlson filed her

Motion to Amend on April 22, 2019, almost three months after the limitations period had expired.

Hardeman County argues then that the proposed amended complaint's claims against Councilman

Joy are facially time-barred.

A statute of limitations is an affirmative defense under Federal Rule of Civil Procedure

8(c), and so it is typically inappropriate to dismiss a claim as untimely on a Rule 12(b)(6) motion.

*Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).  But when the allegations on the

face of the complaint show that the claim is time-barred, dismissal under Rule 12(b)(6) is proper.

*Jones v. Bock*, 549 U.S. 199, 215 (2007).  And where as here a plaintiff seeks to amend and add a

time-barred claim, district courts typically deny leave to amend because "the

proposed amendment could not withstand a Rule 12(b) motion to dismiss" and would otherwise

be "futile."  *Clark v. Viacom Intern. Inc*., 617 F. App'x 495, 500 (6th Cir. 2015) (citing *Riverview*

*Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010)).   Carlson does not

actually dispute that the statute of limitations would bar her putative claim against Councilman

Joy.  Instead, Carlson counters that her amended claim relates back to the date of her initial

Complaint in October 2018 and therefore would fall within the one-year limitations period.

Rule 15(c)(1) provides that amended pleadings "relate back to the date of the original

pleading" but only under specific circumstances. Fed. R. Civ. P. 15(c)(1).  The amended pleading

relates back to the original pleading where the amendment changes the party or the naming of the

party against whom a claim is asserted and if the following conditions are met: (1) "the amendment

asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or

attempted to be set out--in the original pleading," *see* Fed. R. Civ. P. 15(c)(1)(B); and (2) "if,

within the period provided by Rule 4(m) for serving the summons and complaint, the party to be

brought in by amendment: (i) received such notice of the action that it will not be prejudiced in

defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); *see also Mayle v. Felix*, 545 U.S. 644, 656 (2005).

The Court finds that it is not well situated to make a determination of each of these elements at the pleadings stage and on a Motion to Amend. The relation back doctrine essentially comes down to whether a newly added defendant had notice of the allegations against it prior to the filing of the amendment. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010) (holding that the inquiry under Rule 15(c)(1)(C) is "what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint."); *Durand v. Hanover Ins. Grp., Inc.*, 806 F.3d 367, 375 (6th Cir. 2015) (holding that the "conduct, transaction, or occurrence" element is concerned with "whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading"). Two of the essential inquiries for the Court concern what Councilman Joy knew or should have known: (1) whether Councilman Joy had timely notice of Carlson's claims; and (2) whether Councilman Joy knew or should have known that Carlson would have named him as a defendant but for some mistake.[2]

Hardeman County contends that regardless of Joy's notice of the suit, Carlson fails another essential element of the relation back rule. Carlson's proposed amendment does not merely change a party or the naming of a party, which is one of the required elements under Rule 15(c)(1)(C), but adds an entirely new defendant with a new cause of action and without any indication that the new

---

[2] The Sixth Circuit has suggested a number of factors for courts to consider in deciding whether a new defendant had constructive notice of a suit for purposes of Rule 15(c), all of which raises questions of fact: "the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both original and new defendants, and whether the new defendants are officials of the original defendant." *Ham v. Sterling Emergency Servs. of the Midwest, Inc.*, 575 F. App'x 610, 617–18 (6th Cir. 2014) (quoting *Force v. City of Memphis*, 101 F.3d 702, 1996 WL 665609, at *2 (6th Cir. 1996)).

defendant was omitted from the original Complaint due to a mistake.  The Sixth Circuit has held

that the relation back doctrine does not apply where an amended pleading adds a completely new

party to the case.  *See Lester v. Wow Car Co., Ltd.*, 675 F. App'x 588, 592–93 (6th Cir. 2017)

("Since the New Defendants were added to the complaint and not even plausibly substituted for

an original named defendant, any claims against the New Defendants cannot meet the

requirements of Rule 15(c) which speaks only of an amendment changing the party or the naming

of a party."); *see also Ham*, 575 F. App'x at 618 (collecting cases).  Carlson responds that there

exists some tension between this authority and the Supreme Court's holding in *Krupski v. Costa

Crociere S.p.A.*, 560 U.S. 538 (2010).  But even if that were so, the Supreme Court in *Krupski*

remarked in what is arguably *dicta* that the relation back doctrine does not apply in the absence of

mistake and where a plaintiff exercises a deliberate choice not to bring suit against a prospective

defendant: "When the original complaint and the plaintiff's conduct compel the conclusion that

the failure to name the prospective defendant in the original complaint was the result of a fully

informed decision as opposed to a mistake concerning the proper defendant's identity, the

requirements of Rule 15(c)(1)(C)(ii) are not met."  *Krupski*, 560 U.S. at 552.

All of this suggests to the Court that Carlson may not be able to meet the test for relation

back and preserve her claim against Councilman Joy.  At this stage of the case, it is not clear how

Carlson can satisfy "the mistaken identity requirement of Rule 15(c)."  *Smith v. City of Akron*, 476

F. App'x 67, 69 (6th Cir. 2012) (quoting *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir. 1996)).  The

proposed amended pleadings and the initial Complaint contain substantially identical allegations

about Councilman Joy's conduct and his role in Carlson's unconstitutional arrest.  Carlson's

decision not to name Joy as a defendant looks more like a deliberate choice than a mistake.

Furthermore, it is not clear that Councilman Joy had notice of the suit, either actual or constructive,

during the 90 days after Carlson filed her original suit, particularly where Carlson did not even

serve Hardeman County until the 90 days had almost elapsed. There exists good reason to believe

then that even with an opportunity for discovery, Carlson may not ultimately prevail on her relation

back theory.

The fact remains that Plaintiff's original Complaint clearly identified Councilman Joy and

described his purported role in Plaintiff's arrest and the deprivation of her civil rights. The Sixth

Circuit has suggested that whether an original pleading mentions a prospective defendant may be

relevant to the notice inquiry under Rule 15(c)(1)(C). *Ham*, Inc., 575 F. App'x at 618; *see also*

*Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 395 (6th Cir. 2015) (suggesting

that constructive notice can be implied from a reading of the complaint itself). The fact that

Plaintiff's original Complaint featured a number of allegations about Councilman Joy has some

bearing then on whether Joy had actual or constructive notice and that but for some mistake on

Plaintiff's part her Complaint would have named him as a defendant.

Rather than reach the relation back issue on a motion to amend the pleadings, the Court

prefers to consider the question of notice after Councilman Joy has fully joined the issue and the

parties have had discovery and developed the facts relevant to each of the elements of Rule

15(c)(1)(C). After all, "the inquiry of whether the new defendants knew or should have known

that the suit should have been brought against them is . . . patently factual . . . ." *Berndt v. State of*

*Tenn.*, 796 F.2d 879, 884 (6th Cir. 1986). Courts commonly resolve this "patently factual" inquiry

at summary judgment armed with a fully developed evidentiary record. *See Krupski*, 560 U.S. at

538 (district court decided Rule 15(c) relation back issue at summary judgment); *Beverly*, 500 F.

App'x at 393 (same). In fact, the Sixth Circuit cases on which Hardeman County relies were

typically decided at summary judgment, not on a motion to the amend the pleadings. *E.g. In re*

*Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (deciding the

relation back issue at summary judgment); *Lester*, 675 F. App'x at 592 (considering deposition

testimony from the newly added defendant on whether the defendant had notice of the suit). This is not to say that the Court could never reach a relation back issue on a Rule 15 motion to amend the pleadings. But where the original pleading contained as many allegations against the prospective defendant as Carlson's did, the Court prefers to decide the relation back issue armed with a more complete evidentiary record.

In light of the strong policy in favor of allowing amendments and the fact that the critical question is whether Councilman Joy had notice of Carlson's claims, Carlson's Motion to Amend is **GRANTED** as to her section 1983 claim against Councilman Joy. It remains to be seen whether Carlson can satisfy all of the requirements of Rule 15(c)(1)(C) and show that her amended claim against Councilman Joy relates back to her original claims against Hardeman County. For now, the Court will grant Plaintiff the opportunity to amend but without prejudice to any party's right to raise the relation back issue in a subsequent dispositive motion.

IV.     **Hardeman County's Motion to Dismiss the Initial Complaint**

Finally, Hardeman County's Rule 12(b)(6) motion to dismiss the initial Complaint remains pending. The motion was specifically addressed to Carlson's allegations under section 1983 that the County was liable for abuse of process and malicious prosecution. Carlson's proposed amended complaint drops these two claims and adds her section 1983 claim for false arrest, an "entirely distinct" cause of action. *Steiger v. Hahn*, 718 F. App'x 386, 397 (6th Cir. 2018) (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007)). Because the Court is granting Carlson leave to amend her pleadings, the County's motion to dismiss the original claims for abuse of process and malicious prosecution is now moot.

It is well-settled that an amended complaint supersedes the original complaint and renders the initial pleading a nullity. *Heyward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (citation omitted). Courts in this Circuit routinely deny motions to dismiss a complaint as

moot after a plaintiff subsequently files an amended complaint. *E.g., Pinks v. Lowe's Home Centers, Inc.*, 83 F. App'x 90 (6th Cir. 2003); *Am. Nat'l Prop. & Cas. Co. v. Stutte*, 298 F.R.D. 376, 380 (E.D. Tenn. 2014); *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 948 (M.D. Tenn. 2012); *Ellis v. Kaye-Kibbey*, 581 F. Supp. 2d 861 (W.D. Mich. 2008). In light of the fact that the Court is granting Carlson leave to file an amended complaint, the original Complaint will be, strictly speaking, a nullity. Therefore, Hardeman County's motion to dismiss the initial Complaint is **DENIED** as moot.

## CONCLUSION

Plaintiff's Motion to Amend is **DENIED** as to her section 1985(3) conspiracy claim but **GRANTED** as to her section 1983 First Amendment claims against Hardeman County and Jonathan Joy. Plaintiff is directed to revise her proposed amended complaint consistent with the Court's rulings and file her revised amended pleading as a new docket entry within 21 days of the entry of this order. Hardeman County's motion to dismiss is **DENIED** as moot.

**IT IS SO ORDERED.**

 **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 26, 2019.